# NO. 12-18-00113-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DERRICK DEWAYNE WATSON,* *APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Derrick Dewayne Watson appeals his conviction for attempted burglary of a habitation. In one issue, he argues that his punishment is excessive and grossly disproportionate to the crime for which he was convicted. We affirm.

## BACKGROUND

Appellant was charged by indictment with one count of attempted burglary of a habitation, a third degree felony, punishable by not less than two years but not more than ten years imprisonment.[1] The State filed a notice of intent to seek habitual punishment pursuant to Section 12.42(d) of the Texas Penal Code, alleging that Appellant had prior felony convictions for robbery, assault against a government contractor/employee, and unlawful possession of a firearm. The enhancement elevated the punishment range to not less than twenty-five years but not more than ninety-nine years, or life, imprisonment.[2]

Appellant pleaded "not guilty" and the matter proceeded to a jury trial. The jury found Appellant "guilty" as charged. Appellant previously elected to have the trial court assess punishment in the event he was convicted. At the punishment phase, Appellant pleaded "not true"

---

[1] *See* TEX. PENAL CODE ANN. §§ 12.34 (West 2011), 15.01 (West 2011), 30.02 (West Supp. 2017).

[2] TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2017).

to the enhancements. The trial court found the enhancement allegation paragraphs to be "true" and assessed punishment at twenty-five years imprisonment. This appeal followed.

<u>CRUEL AND UNUSUAL PUNISHMENT</u>

In his sole issue, Appellant argues that the twenty-five-year sentence imposed by the trial court is grossly disproportionate to the crime committed and amounts to cruel and unusual punishment. "To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." ***Kim v. State***, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also **Rhoades v. State***, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of complaint of cruel and unusual punishment under the Texas Constitution because defendant presented his argument for first time on appeal); ***Curry v. State***, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (defendant waived complaint that statute violated his rights under the United States Constitution when raised for first time on appeal); ***Mays v. State***, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] ... it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."); TEX. R. APP. P. 33.1. A review of the record shows that Appellant lodged no objection to the constitutionality of his sentence at the trial court level, and has, therefore, failed to preserve error for appellate review. *See **Kim***, 283 S.W.3d at 475; *see also **Rhoades***, 934 S.W.2d at 120; ***Curry***, 910 S.W.2d at 497; ***Mays***, 285 S.W.3d at 889; TEX. R. APP. P. 33.1.

However, despite Appellant's failure to preserve error, we conclude his sentence does not constitute cruel and unusual punishment. The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. ***Meadoux v. State***, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing ***Robinson v. California***, 370 U.S. 660, 666–67, 82 S. Ct. 1417, 1420–21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See **Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also **Simmons v. State***, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that

punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In this case, Appellant was convicted of attempted burglary of a habitation, and the habitual offender statute was invoked because of Appellant's previous history, the punishment range for which is between twenty-five and ninety-nine years, or life, imprisonment. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2017). Thus, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nevertheless, Appellant urges the court to perform the three-part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle* in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court considered the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265–66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined

3

that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

In this case, the offense committed by Appellant—attempted burglary of a habitation—is certainly no less serious than the combination of offenses committed by the appellant in ***Rummel***, while Appellant's twenty-five-year sentence is far less severe than the life sentence upheld by the Supreme Court in ***Rummell***. Thus, it is reasonable to conclude that if the sentence in ***Rummell*** is not constitutionally disproportionate, neither is the sentence assessed against Appellant in this case. In his brief, Appellant makes a conclusory statement that his twenty-five year sentence is grossly disproportionate, stating that other sentences for "more serious attempted burglary of a habitation convictions" resulted in "significantly" less harsh sentences. However, he cites to no authority to support this contention. *See* TEX. R. APP. P. 38.1(i) ("[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities..."). Because we do not conclude that Appellant's sentence is disproportionate to his crime, we need not apply the remaining elements of the ***Solem*** test. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 19, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 19, 2018**

**NO. 12-18-00113-CR**

**DERRICK DEWAYNE WATSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-17-33089)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*